Filed 12/20/96

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHRISTINA ACKER,

       Petitioner-Appellant,

v.

STATE OF COLORADO,

       Respondent-Appellee.

No. 95-1492
(D.C. No. 94-B-2486)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.


      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Petitioner appeals from the district court's denial of federal habeas relief, 28 U.S.C. § 2254,[1] from her Colorado conviction for first degree murder. In her amended § 2254 petition,[2] petitioner raised five grounds for relief, arguing that the trial court erred by: 1) not allowing her to introduce into evidence prior inconsistent statements made by the victim's neighbor; 2) limiting her examination of a critical state witness, Mildred Goble; 3) admitting hearsay evidence of statements made by the victim; 4) excluding all evidence of any alternate suspects; and 5) restricting petitioner's ability to conduct her defense pro se. Liberally construing her pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), however, on appeal petitioner challenges only the district court's denial of habeas relief on her claims that the trial court erred in precluding her from presenting prior inconsistent statements of the victim's neighbor, see

---

[1]     Because petitioner filed her notice of appeal on November 16, 1995, and the district court granted her a certificate of probable cause on November 20, 1995, prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (signed into law April 26, 1996), that act does not apply to this appeal. Edens v. Hannigan, 87 F.3d 1109, 1112 n. 1 (10th Cir. 1996).

[2]     Petitioner amended her original § 2254 petition to eliminate two unexhausted claims for relief: the trial court allowed admission of evidence seized in violation of the fourth amendment and the trial court violated petitioner's constitutional protection against self-incrimination by commenting upon her failure to testify. On appeal, however, she reasserts her argument that the trial court violated her right not to testify at trial. This court will not consider issues abandoned in the district court. See O'Connor v. City & County of Denver, 894 F.2d 1210, 1214 (10th Cir. 1990).

Appellant's Opening Br. at 41, and unconstitutionally restricting her ability to defend herself pro se, id. at 45-49.

For the first time on appeal, petitioner asserts the following additional grounds for relief:  1) appellate counsel provided constitutionally ineffective assistance on direct appeal; 2) the trial court erred in failing to instruct the jury on lesser included offenses; 3) the trial court erred in denying petitioner's motion for a verdict of acquittal; 4) the prosecutor's use of a contrived photographic lineup and tainted in-court identification was unconstitutional misconduct; and  5) the prosecutor's use of perjured hearsay testimony was unconstitutional misconduct. Liberally construing petitioner's pleadings, her appellate argument challenging the state's use of hearsay evidence of statements made by the victim is the same challenge to the admission of hearsay that she raised in her § 2254 petition, albeit for the first time in the guise of a prosecutorial misconduct claim.  Nonetheless, petitioner's failure to assert a specific objection to the magistrate judge's recommendation to deny relief on this claim waived appellate review, unless the ends of justice would require it.  See, e.g., Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996); Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996). Because this ground for relief is unavailing, in any event, the ends of justice do not require review.

In addition to the unexhausted nature of the remainder of petitioner's newly asserted appellate arguments, see 28 U.S.C. § 2254(b); Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995)(substance of habeas petitioner's claim must be fairly presented to state courts before petitioner can raise it in federal court), cert. denied, 116 S. Ct. 1855 (1996), this court generally will not address issues raised for the first time on appeal, absent unusual circumstances, e.g., Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefits Plan, 11 F.3d 1567, 1571-72 (10th Cir. 1993).  There are no such unusual circumstances presented here.

Addressing the merits of the two grounds for relief that are properly before this court, petitioner argues that the trial court erred in preventing her from introducing into evidence prior inconsistent statements made by the victim's neighbor and the trial court unconstitutionally restricted her pro se defense by denying her access to adequate resources to prepare her defense, unfairly limiting her ability to subpoena witnesses, and requiring her to preview her case to the court and the government outside the presence of the jury.  Upon consideration of the state court record, we perceive no constitutional error.  We, therefore, affirm the district court's denial of federal habeas relief on these grounds for substantially the same reasons stated in the magistrate judge's report and

recommendation, dated October 2, 1995, and the district court's order adopting that report and recommendation, dated October 23, 1995.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court

Arthur L. Alarcon
Circuit Judge