**Rudy HERNANDEZ, Petitioner–Appellant,**

v.

**Gary STARBUCK, Superintendent of the Wyoming Honor Farm; Attorney General of the State of Wyoming, Respondents–Appellees.**

No. 94–8086.

United States Court of Appeals, Tenth Circuit.

Nov. 9, 1995.

---

Howard A. Pincus, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender with him on the brief), Denver, Colorado, for Petitioner–Appellant.

Paul S. Rehurek, Senior Assistant Attorney General, Cheyenne, Wyoming, for Respondents–Appellees.

Before MOORE, ANDERSON and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Hernandez appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We exercise jurisdiction under 28 U.S.C. §§ 2253 and 1291.[1]

In January 1993, Mr. Hernandez pleaded guilty to drug charges in Wyoming district court. According to the original sentencing transcript, the court orally imposed the following sentence: "It's the judgment and sentence of the Court today you're [sentenced] to not more than four years and less than two years to the Wyoming State Penitentiary." The court later filed a judgment and

---

**1.** Though we find in the record no certificate of probable cause, as required by 28 U.S.C. § 2253 and Fed.R.App.P. 22(b), we construe Mr. Her- nandez's notice of appeal as a request for the certificate, *see* Fed.R.App.P. 22(b), and exercise our power under § 2253 to grant the certificate.

sentence imposing a sentence of "not less than four (4) years nor more than six (6) years."

In May 1993, Mr. Hernandez filed a motion in state court to amend his judgment and sentence, requesting he be given credit for one year prison time he had already served in state prison in connection with another drug charge. The state court denied this motion shortly after it was filed. In September 1993, the state court, perhaps not remembering it had already ruled on Mr. Hernandez's motion, reviewed Mr. Hernandez's file to determine whether his sentence should be amended. During this review, the court discovered the discrepancy between the sentencing transcript and the judgment and sentence. It stated the official transcript was "clearly erroneous because it was my intent, and I believe my statement, that the sentence imposed was not less than four nor more than six years," and notified Mr. Hernandez and the State of Wyoming it intended to amend the transcript to reflect the higher sentence. The court set the matter for hearing, directed Mr. Hernandez to show cause why the alteration should not be made, and appointed a public defender to assist Mr. Hernandez in the matter. Neither Mr. Hernandez nor his public defender responded to the order to show cause. Apparently without holding the scheduled hearing, the judge amended the sentencing transcript to reflect a sentence of four to six years.

Mr. Hernandez presented his only state challenge to the Wyoming District Court's actions in a petition to the Wyoming Supreme Court for writ of review.[2] The petition asserted:

> In this case, a conflict existed between the district court's ... oral pronouncement of sentence and the written Judgment and Sentence. This Court has repeatedly held that an orally pronounced sentence governs over a subsequent, inconsistent written judgment when the two conflict. The

case must be remanded to accurately reflect what was *unambiguously* pronounced at the sentencing hearing.

> As the transcript unambiguously shows in this case, the oral pronouncement at sentencing reflects a sentence of not less than two nor more than four years to be served at the Wyoming State Penitentiary. Ten months later, the [trial] court, on its own initiative, amended the written record to reflect a sentence of not less than four nor more than six years. This modification is clearly improper. The Petitioner has the right to expect that his sentence is final when it is pronounced in open court. It is an abuse of discretion for the district court to modify this sentence almost a year later to reflect a two year increase. It subjects the Petitioner to double jeopardy in that he is being punished twice for the same offense.

(Citations omitted.) The Wyoming Supreme Court denied Mr. Hernandez's petition without comment. Mr. Hernandez then filed a petition for a writ of habeas corpus in federal district court. The district court construed Mr. Hernandez's petition to allege "he was denied effective assistance of counsel and deprived of due process when the state court" amended the sentencing transcript to reflect the higher sentence. The district court rejected Mr. Hernandez's due process claim both on the merits and because he failed to fairly present the claim to the Wyoming Supreme Court. The court also rejected Mr. Hernandez's ineffective assistance of counsel claim, but its order did not specify the grounds for the decision or whether the dismissal of that claim was with or without prejudice.

Mr. Hernandez now contends the district court erred when it denied his petition. He claims the original transcript reflected his true sentence and, by changing it, the state court violated several constitutional provisions, including the right to effective assis-

---

**2.** Mr. Hernandez missed the filing deadline for his appeal as of right to the Wyoming Supreme Court. He asked the Wyoming Supreme Court to hear his appeal at its discretion, arguing ineffective assistance of counsel caused him to miss the deadline. Importantly, this alleged instance of ineffective assistance is not the same one he

raised in his habeas petition or his brief to this court. The ineffective assistance claim he raised in federal court related to the public defender's failure to appear in state court in response to the Wyoming District Court's order to show cause why the sentencing transcript should not be amended.

tance of counsel, the Confrontation Clause, due process, and the right not to be subjected to double jeopardy. Because Mr. Hernandez has not exhausted his state court remedies, we do not address the merits of his claims.

■ "An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). This principle, known as the doctrine of exhaustion, requires a state prisoner to fairly present his federal constitutional claims to the state courts before he may raise those claims in a federal habeas corpus petition. *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971). The exhaustion requirement reflects a policy of comity, whereby a federal court will not interfere with a state court conviction without giving the state courts an opportunity to correct any alleged constitutional violations. *Picard,* 404 U.S. at 275–76, 92 S.Ct. at 512–13. Steadfast adherence to this policy protects state courts' role in the enforcement of federal law. *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). A state prisoner bears the burden of showing he has exhausted available state remedies. *Miranda v. Cooper,* 967 F.2d 392, 398 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 347, 121 L.Ed.2d 262 (1992).

■ We begin with Mr. Hernandez's claim he received ineffective assistance of counsel. It is undisputed no appearance was entered on his behalf in response to the state court's order to show cause why the sentencing transcript should not be altered. Mr. Hernandez's petition to the Wyoming Supreme Court did not raise this issue. In fact, in his brief to this court, Mr. Hernandez concedes he "did not raise [the] ineffective assistance claim in the state courts." Thus, Mr. Hernandez did not fairly present the claim to the Wyoming state courts as required under *Picard,* 404 U.S. at 275–76, 92 S.Ct. at 512–13. Mr. Hernandez, nevertheless, contends we should reach the merits of his ineffective assistance claim. He argues the State of Wyoming has waived the exhaustion defenses by not asserting it properly.

First, Mr. Hernandez contends the State did not assert the exhaustion defense in district court in response to his claim of ineffective assistance of counsel. Second, he asserts that even if the State raised exhaustion as a defense in district court, it has now waived the defense on appeal by failing to reassert it in its answer brief to *this* court.

In response to Mr. Hernandez's first argument, we find the State of Wyoming properly asserted the exhaustion defense in district court. Paragraph 14 of the State of Wyoming's Answer filed in district court states, "if a federal right is involved, petitioner has failed to exhaust state remedies."

In making his second waiver argument, Mr. Hernandez correctly notes the State of Wyoming's brief in this court only addresses his ineffective assistance claim on the merits. The brief does not reassert the exhaustion defense raised in district court. Mr. Hernandez contends a state can waive the exhaustion defense by not asserting it at the appellate level, even after properly raising the defense in district court.

■ We reject Mr. Hernandez's contention. The exhaustion requirement is not one to be overlooked lightly. Principles of comity and federalism demand that the requirement be "strictly enforced." *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674; *see Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (the exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law"). However, the doctrine of exhaustion is not jurisdictional; a prisoner's failure to exhaust his state remedies does not take away the federal courts' power to hear the prisoner's federal claims. *Granberry v. Greer,* 481 U.S. 129, 131, 107 S.Ct. 1671, 1673, 95 L.Ed.2d 119 (1987); *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984). In a logical extension of this principle, the Supreme Court has recognized a state can waive the exhaustion defense:

When the State answers a habeas corpus petition, it has a duty to advise the district

court whether the prisoner has, in fact, exhausted all available state remedies.

. . . .

... [T]here are exceptional cases in which the State fails, whether inadvertently or otherwise, to raise an arguably meritorious nonexhaustion defense. The State's omission in such a case makes it appropriate for the court of appeals to take a fresh look at the issue. The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim.

*Granberry*, 481 U.S. at 134, 107 S.Ct. at 1675.

In keeping with *Granberry*, we have held, "[w]hen the [state] fail[s] to assert an exhaustion argument before the *district court,* 'we may consider it waived if the interests of comity, federalism, and justice would be served.' " *Hannon v. Maschner,* 981 F.2d 1142, 1146 (10th Cir.1992) (emphasis added) (quoting *Stone v. Godbehere,* 894 F.2d 1131, 1135 (9th Cir.1990)). The jurisprudence represented in this circuit by *Hannon* makes clear a state may expose itself to waiver when it fails to assert an exhaustion argument *before the district court.* See *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 309 (3d Cir.), *cert. denied,* 502 U.S. 902, 112 S.Ct. 280, 116 L.Ed.2d 232 (1991); *Stone,* 894 F.2d at 1135; *Sanders v. Sullivan,* 863 F.2d 218, 221 (2d Cir.1988); *Gagne v. Fair,* 835 F.2d 6, 10 (1st Cir.1987); *Brown v. Fauver,* 819 F.2d 395, 398 (3d Cir.1987). Because the State of Wyoming raised the exhaustion defense in the district court, the case before us does not fit squarely under this line of cases. Notwithstanding this fact, Mr. Hernandez argues we should equate the state's failure to reassert the exhaustion defense *in this court* with a failure to raise the defense *in district court* within the meaning of *Granberry* and *Hannon.* In effect, Mr. Hernandez claims failure to brief the exhaustion defense abrogates a proper assertion of the defense in district court. We decline to adopt such a rule.

Mr. Hernandez urges us to extrapolate from the settled principle that when an *appellant* fails to raise a contention in his opening brief the ground for relief is ordinarily considered waived. *See United States v. Santistevan,* 39 F.3d 250, 256 (10th Cir.1994) (citing *United States v. Kline,* 922 F.2d 610, 613 (10th Cir.1990)). Mr. Hernandez would like us to hold a state appellee to a similar rule when it fails to raise the exhaustion defense in response to a state prisoner's appeal from a denial of habeas corpus relief.

Mr. Hernandez's argument misconceives the roles played by the appellant, the appellee, and the court of appeals when a district court judgment is appealed. While the appellant challenges the district court's ruling, the appellee is only interested in maintaining the status quo, *i.e.,* an affirmance. Because the appellant comes to the court of appeals as the challenger, he bears the burden of demonstrating the alleged error and the precise relief sought. *See* Fed.R.App.P. 28(a); *National Commodity & Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1244 (10th Cir.1989). A court of appeals is not required to manufacture an appellant's "argument on appeal when it has failed in its burden to draw our attention to the error below." *Id.* (citing *United States v. Swingler,* 758 F.2d 477, 493 (10th Cir.1985)). In the event of such a failure, the court will ordinarily consider the appellant's point waived. *State Farm Fire & Casualty Co. v. Mhoon,* 31 F.3d 979, 984 n. 7 (10th Cir.1994). Appellees bear no such burden. Though Fed.R.App.P. 28(b) requires the appellee's brief to contain arguments addressing the issues raised by the appellant, we have never characterized the appellee's obligation in terms of a categorical imperative. The distinction between appellant's and appellees' obligations under Rule 28 grows out of the court of appeals' " 'free[dom] to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.' " *Griess v. Colorado,* 841 F.2d 1042, 1047 (10th Cir.1988) (quoting *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987)). This broad power to affirm extends beyond the counter-arguments raised by the appellee; it includes any ground for which there is record to support conclusions of law. Once the appellant alleges the district court erred, we

have a duty to assess the validity of the appellant's allegations. This duty arises in part out of our relationship with the district court, and we may not neglect it simply because an appellee fails to defend adequately the district court's decision.[3] To do so would open the door to a perverse jurisprudence by which properly decided district court decisions could be reversed.

We need go no further than the facts in this case to demonstrate our point. The district court denied Mr. Hernandez's habeas petition, in part for his failure to exhaust his state court remedies. Mr. Hernandez is now before this court claiming his admitted failure to exhaust his ineffective assistance claim should be overlooked. He asks us to reverse the district court's order and direct that the writ be granted. In other words, Mr. Hernandez is asking us to reverse the district court while simultaneously conceding the court decided the issue properly. We cannot endorse a rule of law allowing such anomalous and contradictory results. Put another way, if our freedom to affirm extends to grounds not relied on by the district court, it surely includes any ground the court used as the basis for its decision.

We therefore conclude Wyoming did not waive the exhaustion defense by not reasserting it in this court. Accordingly, we return to the proposition with which Mr. Hernandez began his argument: he did not exhaust his claim of ineffective assistance of counsel.

■ Because Mr. Hernandez failed to exhaust his ineffective assistance claim, his petition for a writ of habeas corpus contains at least one unexhausted claim. A federal court presented with a habeas corpus petition containing both exhausted and unexhausted claims should normally dismiss the entire petition without prejudice. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). The narrow circumstances in which a federal court may consider the merits of a habeas petition con-

taining unexhausted claims are not present in this case. *See Granberry,* 481 U.S. at 134–35, 107 S.Ct. at 1675–76; *Miranda,* 967 F.2d at 400 ("it is appropriate ... to address the merits of unexhausted ... habeas corpus claims if they fail ... to raise even a colorable federal claim, and if the interests of justice would be better served.").

We therefore **VACATE** that part of the district court's order denying Mr. Hernandez's petition on the merits and **REMAND** with instructions to dismiss the entire petition without prejudice.

---

3. We admonish appellees not to take our language as a license not to address appellant's arguments. The appellee's brief plays a vital function in informing the court of the weaknesses in the appellant's arguments. By failing to address a ground for relief raised by the appellant, the appellee greatly increases the chances the court of appeals will be persuaded by the appellant's position.