**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHASE COUNTY GAS SERVICE
COMPANY, INC.,

      Plaintiff-Appellant,

v.

WILLIAMS NATURAL GAS
COMPANY, a Delaware Corporation,

      Defendant-Appellee.

No. 96-3161
(D.C. No. 95-1354-KMH)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Chase County Gas Service Company, Inc. (Chase County) and defendant Williams Natural Gas Company (Williams) both assert entitlement to refunds ordered by the Federal Energy Regulatory Commission (FERC). The district court entered judgment in favor of Williams. We affirm.

## BACKGROUND[1]

Williams, a natural gas company under the Natural Gas Act, 15 U.S.C. §§ 717-717z, operates a system of pipelines for the interstate transportation of natural gas under Certificates of Public Convenience and Necessity issued by FERC. In 1989 and 1991, Williams filed issues with FERC concerning cost classification, cost allocation, rate design and allocation of take-or-pay costs.

Williams supplied and delivered natural gas to Chase County, a provider of natural gas service to residents of Strong City and Cottonwood Falls, Kansas.[2] On September 5, 1991, Chase County filed a petition under Chapter 11 of the Bankruptcy Code. Williams was the primary unsecured creditor in the resulting bankruptcy proceeding.

Williams filed a proof of claim for unpaid natural gas purchases in the amount of $347,770.81. It also proposed a liquidating plan, which provided that,

---

[1] There are no disputed facts in this matter. The parties submitted the case to the district court on stipulations, with attached exhibits and briefs.

[2] In this order and judgment, a reference to Chase County includes its predecessors in interest, Haucke Pipeline Company and Citizens Gas Company.

through a sale of the Chase County's assets, unsecured creditors would be paid in full and Chase County's sole stockholder would receive the balance of the estate. Neither the proof of claim nor the liquidating plan mentioned the rate and tariff issues pending before FERC. However, the asset purchase agreement attached to the liquidating plan provided that Chase County was to remain liable for its take-or-pay obligations to Williams.[3]

On May 13, 1992, the bankruptcy court confirmed the liquidating plan proposed by Williams and entered a discharge. Subsequently, Chase County's assets were sold under the terms of the asset purchase agreement and funds from the sale were disbursed in accordance with the liquidating plan. All allowed claims, including that of Williams, were paid in full. Chase County's sole shareholder received the remaining amount of $11,508.10.

On November 24, 1992, Williams filed a comprehensive settlement agreement with FERC covering the pending rate and tariff issues. On March 12, 1993, FERC issued an order approving the agreement with modifications. Under the FERC order, Williams was required to refund certain previously billed charges and authorized to recover certain take-or-pay costs. Though objections

---

[3] The asset purchase agreement between Chase County and its purchaser, Greeley Gas Company, was executed by Chase County's sole shareholder in his capacity as president.

were permitted by the order, Chase County did not object to application of the specified refunds to the take-or-pay costs.

On September 10, 1993, FERC approved the revised tariff issued pursuant to its order. With respect to Chase County, Williams was to repay $8,831.65 in previously assessed charges, plus interest, and collect $12,783.97 in take-or-pay costs. Because Chase County's charges exceeded its refunds, Williams refused to pay the refund.

Chase County sued, asserting that Williams had been paid in full in the bankruptcy proceeding and had no entitlement to the refund money. The district court determined that Williams had waived its right to setoff under 11 U.S.C. § 553 of the Bankruptcy Code when it filed a proof of claim without asserting the potential FERC charges.[4] However, the court applied the equitable theory of recoupment and determined that Williams should be permitted to reduce its losses by retaining the refund amount.

**DISCUSSION**

We exercise jurisdiction over Chase County's appeal pursuant to 28 U.S.C. § 1291. The district court's legal decision to apply the doctrine of recoupment,

---

[4] The general rule is that a creditor waives the right of setoff by filing a proof of claim. See 4 Collier on Bankruptcy ¶ 553.07, at 553-43 (Lawrence P. King ed., 15th ed. 1996).

based on uncontested facts, is reviewed de novo. See Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1370 (10th Cir. 1996).

In the modern bankruptcy setting, the equitable doctrine of recoupment permits a creditor to offset a claim that arises from the same transaction as the debtor's claim. Conoco, Inc. v. Styler (In re Peterson Distrib., Inc.), 82 F.3d 956, 959 (10th Cir. 1996). The doctrine is designed to allow the determination of a just and proper liability regarding a claim, id., and yield an equitable result, see Ashland Petroleum Co. v. Appel (In re B & L Oil Co.), 782 F.2d 155, 159 (10th Cir. 1986). Recoupment is strictly for the purpose of abatement or reduction of a claim, not affirmative relief. Newbery Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1399 (9th Cir. 1996); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1401, at 10 (2d ed. 1990) (at common law, recoupment could not be the basis for affirmative relief).[5]

The primary requirement for recoupment is that the claims arise from the same transaction. See Davidovich, 901 F.2d at 1537. To qualify, the claims must be so intertwined that allowing the debtor to escape an obligation would be

---

[5] In bankruptcy, the equitable doctrine of recoupment is distinct from the doctrine of setoff and may be applied even where setoff would not be permitted. Ashland Petroleum, 782 F.2d at 157. Setoff is allowed in "only very narrow circumstances." Id. Both debts must arise before commencement of the bankruptcy action and the parties must be mutual. Davidovich v. Welton (In re Davidovich), 901 F.2d 1533, 1537 (10th Cir. 1990); 11 U.S.C. § 553(a).

inequitable.  <u>Conoco</u>, 82 F.3d at 959-60.  Chase County concedes that its claimed refunds and Williams' additional take-or-pay charges arose from the same transactions -- its purchases of natural gas.  <u>Cf.</u> <u>Ashland Petroleum</u>, 782 F.2d at 158-59 (purchases of oil occurring over a period of several months considered the same transaction for purposes of recoupment).

However, Chase County asserts that the doctrine of recoupment is inapplicable for a different, more technical, reason.  It notes that (1) the term "claim," as used in the Bankruptcy Code and adopted in the liquidating plan, includes unliquidated, contingent and unmatured rights to payment, <u>see</u> 11 U.S.C. § 101(5)(A);  (2) Williams filed a proof of claim which did not include the liabilities contingent on the FERC proceeding; and (3) Williams' proof of claim was paid in full.  From these facts, Chase County argues that Williams' claim for the FERC-ordered take-or-pay charges was extinguished and, therefore, Williams had no countervailing claim to assert against its demand for the refunds.[6]

---

[6]

Chase County has not challenged the district court's decision based on our comments in <u>Davidovich</u>, 901 F.2d at 1539, in which we reserved ruling on (1) whether the doctrine of recoupment is applicable in a post-discharge proceeding, <u>id.</u>, and (2) whether a creditor may assert the right to setoff or recoupment in a personal action brought by the debtor, <u>id.</u> at n.4.  Because Chase County did not raise the issues in either the trial court or this court, we do not reach them.  <u>See</u> <u>Hernandez v. Starbuck</u>, 69 F.3d 1089, 1093 (10th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 1855 (1996) (court is not required to manufacture issues for a party on appeal).  For similar reasons, we do not address Chase County's contention, made for the first time on appeal, that Williams waived the right to recoupment when it
(continued...)

We disagree.  By authorizing Williams to collect additional take-or-pay amounts, FERC supplied Williams with the requisite countervailing claim by issuing its March 13, 1993 order.  Chase County may not take the favorable aspects of the order and disregard the unfavorable.  See Ashland Petroleum, 782 F.2d at 159.

For numerous reasons, the equities favor application of the doctrine of recoupment.  First, there are no considerations concerning the basic bankruptcy principle of equal distribution to creditors.  See Peterson, 82 F.3d at 959.  The bankruptcy creditors have all been paid in full and will not be affected by our ruling.  The equitable balance is solely between Williams and Chase County.

For a creditor such as Williams, recoupment is purely defensive and can be used only to abate or reduce plaintiff's claim.  See 4 Collier on Bankruptcy ¶ 553.03, at 553-15.  Therefore, application of the defense will not place Williams in the same position it would have been if it had referenced the contingencies of the FERC order in its proof of claim.  Recoupment will allow Williams to retain the refunds and mitigate its losses, but not obtain an affirmative award of the entire amount of take-or-pay costs owed by Chase County.

---

[6](...continued)
filed its notice of claim.  See Wilson v. Union Pac. R.R. Co., 56 F.3d 1226, 1233 (10th Cir. 1995) ("The general rule is that a federal appellate court will not consider an issue not raised and resolved in the trial court.")

On the other hand, in the absence of recoupment, Chase County's sole shareholder would receive the entire amount of the FERC-ordered refunds, without paying any of the corresponding take-or-pay costs. Chase County had specifically agreed to remain liable for additional take-or-pay costs owed to Williams when it entered into the asset purchase agreement. Furthermore, it failed to object, under the terms of the FERC order, to the application of the refunds to the costs. Awarding Chase County the refund under these circumstances would amount to a windfall and a "classic case of unjust enrichment," Ashland Petroleum Co, 782 F.2d at 159. Chase County's technical arguments cannot overcome the equitable doctrine of recoupment, which has "traditionally operated as an exception to the rule that applies to other debts," id.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge