F I L E D
United States Court of Appeals
Tenth Circuit

SEP 18 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEO ORTEGA,

        Petitioner-Appellant,

v.

JOHN SHANKS, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 96-2104
(District of New Mexico)
(D.C. No. CIV-95-832-LH)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO,** and **MURPHY**, Circuit Judges.


After examining the briefs and the appellate record, this three-judge panel

has unanimously determined that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Leo Ortega appeals the dismissal without prejudice of his *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254. The United States District Court for the District of New Mexico, adopting the Magistrate Judge's Report and Recommendation, dismissed the petition based on the finding that Ortega had failed to exhaust all of his claims in state court. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253. Under the Supreme Court's recent decision in *Lindh v. Murphy*, the certificate of appealability requirement set out in the current version of 28 U.S.C. § 2253(c) does not apply to cases prior to April 24, 1996, the effective date of the Anti-Terrorism and Effective Death-Penalty Act. 117 S.Ct. 2059, 2063 (1997). Applying the law in effect at the time Ortega filed his petition, this court grants Ortega's certificate of probable case, reaches the merits, and **AFFIRMS**.

On July 6, 1989, Ortega was convicted of two counts of criminal sexual penetration in the third degree and sentenced to twenty-two years incarceration. On July 27, 1995, Ortega filed the present petition for writ of habeas corpus in the United States District Court for the District of New Mexico. Ortega raised before the district court the same five claims which he raises before this court: 1) ineffective assistance of counsel; 2) trial court error in failing to strike certain jurors for cause; 3) trial court error in allowing a state expert to use manipulated statistics regarding sperm samples; 4) trial court error in allowing prejudicial and

cumulative witness identification of Ortega's tattoos; and 5) insufficiency of evidence to convict. Many of these issues contain sub-issues which this court does not enumerate.

Because the district court correctly found that Ortega's petition was mixed, containing both exhausted and unexhausted claims, we affirm the district court's dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 510-11 (1982) (requiring courts to dismiss without prejudice petitions containing both exhausted and unexhausted claims absent a showing of unusual circumstances); *Hernandez v. Starbuck*, 69 F.3d 1089, 1094 (10th Cir. 1995).

"In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court or . . . that he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 400 (10th Cir.) (citation omitted), *cert. denied*, 506 U.S. 924 (1992). Ortega, without explanation or support, makes the assertion that he raised "these same five appellate issues" at every course of the proceedings below. Although Ortega appealed some of these issues in New Mexico courts, he did not appeal all of them.

Specifically, Ortega's federal constitutional claims based on the trial court's failure to strike juror Carlos Valencia was not presented to New Mexico state courts either on direct appeal or by petition for writ of habeas corpus.

Ortega's claims that the victim was coached by police to identify Ortega's tattoos at trial and that the identification was cumulative were not presented on direct appeal to the New Mexico Court of Appeals. Ortega's ineffective assistance of counsel claims were also not exhausted, as the matter is still pending in state district court.

Ortega presented the district court with a mixed petition and the district court thus appropriately held "the petition must be dismissed without prejudice to afford [Ortega] the opportunity to exhaust his claims through a state post-conviction proceeding."

For the foregoing reasons, this court **AFFIRMS** the ruling of the United States District Court for the District of New Mexico.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge