F I L E D
United States Court of Appeals
Tenth Circuit

DEC 29 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MARVIN LEONARD FOLEY, JR.,

Petitioner-Appellant,

v.

DENISE SPEARS, Warden, Howard
McLeod Correctional Institution,

Respondent-Appellee.

No. 97-6140
(D.C. No. 96-CV-453)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining petitioner-appellant's brief and the record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Because petitioner has not made a substantial showing of the denial of a federal right, we deny his application for a certificate of probable cause and dismiss the appeal.[1]

On June 27, 1994, petitioner pled guilty to first degree burglary, assault with the intent to commit rape, and attempted forcible sodomy. He received sentences of fifteen years, five years, and ten years respectively, to be served concurrently. Petitioner then requested the Oklahoma district court to review his sentence for modification, pursuant to title 22, section 982a of the Oklahoma Statutes. In December 1994, the court denied petitioner's application, concluding that a hearing was not necessary.

Petitioner filed an application for post conviction relief with the state court in May 1995, alleging the procedure used to deny his application for sentence

---

[1]     Petitioner filed his petition on March 22, 1996, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997), the Supreme Court held the amendments contained in the AEDPA, including amendment of 28 U.S.C. § 2253(c) to require a certificate of appealability as a prerequisite to bringing an appeal, generally do not apply to cases filed before April 24, 1996. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997) (en banc). Petitioner remains subject, however, to the pre-AEDPA requirement that he obtain a certificate of probable cause. As the record does not contain an application for a certificate of probable cause, we construe petitioner's notice of appeal as a request for the certificate. See Hernandez v. Starbuck, 69 F.3d 1089, 1090 n.1 (10th Cir. 1995); Fed. R. App. P. 22(b) (1996).

modification violated due process; his attorney was ineffective; and he was denied due process by not being advised of his right to appeal. Petitioner's application was denied in June 1995, and the denial was affirmed in October 1995.

Petitioner filed this habeas petition in the federal district court in March 1996, alleging as his sole issue that the state court's failure to afford him a hearing or other procedures when considering his application for sentence modification denied him due process. Upon recommendation by a magistrate judge, the district court denied the petition, on the ground that the sentence modification statute did not require the disputed procedures, and even if it did, petitioner's lack of a liberty interest in sentence modification precluded his claim that his due process rights were violated. This appeal followed.

In cases filed before AEDPA's enactment, a petitioner appealing from the denial of a 28 U.S.C. § 2254 petition must make "a substantial showing of the denial of a federal right" to obtain a certificate of probable cause. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quotation and brackets omitted). Petitioner has failed to make such a showing.

This case involves, at most, the interpretation of a state statute. Title 22, section 982a of the Oklahoma Statutes provides:

> A. Any time within one hundred twenty (120) days after a sentence is imposed . . . the court imposing sentence . . . *may* modify such . . . if the court is satisfied that the best interests of the public will not be jeopardized.

. . . .

    C. *If* the court considers modification of the sentence . . . a hearing
    shall be made in open court.

(emphasis added). The statute gives the state court unfettered discretion whether to modify a sentence and thus does not create a liberty interest entitled to protection under the Due Process Clause. See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983) (holding regulation that placed no substantive limitations on official discretion did not create protected liberty interest even though regulation required a hearing).

Moreover, we agree with the district court that the statute's language does not support petitioner's interpretation that he was entitled to a hearing. The statute clearly places within the state court's discretion the decision whether to consider modifying a sentence. *If* the court decides to consider modifying a sentence, it must schedule a hearing, give notice, and receive certain material. Here, however, the court did not consider modifying petitioner's sentence. The order denying modification simply explained that the court reviewed petitioner's file to decide whether a hearing was warranted, and that such material, on its face, did not merit consideration of a sentence modification. Petitioner's argument that by this process the court "considered" modification would require a hearing in every case, which is contrary to the plain language of the statute.

Petitioner's application for a certificate of probable cause is DENIED, and the appeal is DISMISSED.

Entered for the Court


Stephen H. Anderson
Circuit Judge