**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROSWELL T. WARREN,

Plaintiff-Appellant,

v.

CODY LYNN TASTOVE,

Defendant-Appellee.

No. 06-3198
(D.C. No. 05-CV-1141-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **GORSUCH**, Circuit Judges.

In May 2003, Cody Tastove's vehicle hit a tractor trailer operated by

Roswell Warren, a commercial truck driver. Nearly two years later, Mr. Warren

had surgery on his left shoulder to repair a torn rotator cuff and shortly thereafter

filed this negligence action against Mr. Tastove in federal court based on

diversity of citizenship. At trial, Mr. Tastove conceded liability and put on no

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

witnesses; Mr. Warren presented testimony from himself and the physician who performed his shoulder surgery, Eric E. Frische. After trial, the jury awarded Mr. Warren $18,600 for past economic losses, but nothing for future economic losses and nothing for noneconomic injuries or medical expenses. Disappointed with this result for he had sought damages in excess of $100,000, Mr. Warren appeals to us.

The only proposition for reversal fairly advanced by Mr. Warren concerns the exclusion of a portion of Dr. Frische's proffered testimony.[1] Dr. Frische appeared by means of his videotaped deposition and the bulk of that deposition was shown to the jury without objection. The district court, however, precluded Mr. Warren from presenting a brief portion of the deposition in which Dr. Frische testified that "it would be unwise for [plaintiff] to resume driving an eighteen-wheeler due to the limitation of his left arm function." Aplt. App. at 15. This exclusion, Mr. Warren tells us, dealt a decisive blow to his claims for future economic losses and was predicated on error.

---

[1]Along the way, Mr. Warren briefly attributes other errors to the district court but develops only this argument in any detail. *See* Br. at 2. His other summary assertions of error fail to afford us a sufficient basis to provide meaningful appellate review. *See United States v. Banks*, 451 F.3d 721, 728 (10th Cir. 2006); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001).

We review the district court's decision to admit or exclude evidence, including expert testimony, for an abuse of discretion. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 968-69 (10th Cir. 2001). "Applying this standard, we will reverse the district court only if it made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Mendelsohn v. Sprint/United Mgmt. Co.*, 466 F.3d 1223, 1226 (10th Cir. 2006) (quotation omitted). Plaintiff bears the burden of establishing that the district court committed clear error or exceeded the bounds of permissible choice. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995).

Although it is clear from Mr. Warren's brief that he disagrees with the partial exclusion of Dr. Frische's testimony, he fails to come to grips with the reasons offered by the district court for its decision, let alone convince us an abuse of discretion took place. The district court excluded the testimony at issue on two grounds. First, it indicated that plaintiff had failed to identify any aspects of Dr. Frische's education, training, or experience that would qualify him to offer an admissible opinion on whether Mr. Warren's injury precluded him from pursuing his vocation as a truck driver. *See* Op. at 3-4; Tr. at 15-16. Second, the district court was troubled by the equivocation and lack of explanation in Dr. Frische's testimony. Rather than supply an opinion to a reasonable degree of medical certainty based on specified medical grounds, the district court described Dr. Frische's proffered opinion as more akin to personal speculation and reliant

on possibilities and surmise rather than reasonable medical probabilities. *Id.*

Both of these bases for exclusion find support in the applicable rules and our case law. Rule 702 of the Federal Rules of Evidence imposes on the proponent of expert testimony the burden of showing that the proffered witness is indeed able, by dint of education, training, or experience, to offer a meaningful opinion on the issue at hand. Mr. Warren supplies us, as he supplied the district court, with no reason to think that Dr. Frische had a background sufficient for him to opine on Mr. Warren's vocational prospects; this is sufficient reason to support his exclusion. *See LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004) (holding that district court did not abuse its discretion in concluding that witness lacked qualifications to render expert testimony); *Ralston*, 275 F.3d at 971 n.4 (explaining that proponent of expert testimony bears burden of demonstrating expert's qualifications).[2] Likewise, we require an opining physician to offer an opinion with a reasonable degree of medical certainty; a hunch, even an educated hunch, is not enough. Dr. Frische testified only that it would be "unwise" for Mr. Warren to drive tractor trailers and offered no basis for his opinion. Under these circumstances, we are unable to disagree with the district court's holding that Dr. Frische's testimony fails to satisfy our demanding standard, let alone that the court's decision exceeded the bounds of legally

---

[2]To be clear, the doctor may have such a background; we hold only that Mr. Warren failed to establish it in the record before us.

permissible choices before it. *See Goebel v. Denver and Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000) ("It is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate."); *Eastridge Dev. Co. v. Halpert Assocs., Inc.*, 853 F.2d 772, 783 (10th Cir. 1988) (holding that trial court did not abuse its discretion in excluding "tentative and speculative" expert opinion).

*Affirmed.*

Entered for the Court

Neil M. Gorsuch
Circuit Judge