**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROGER CLARK,

        Petitioner-Appellant,

v.

GREG PROVINCE, Warden,

        Respondent-Appellee.

No. 08-7056

Eastern District of Oklahoma

(D.C. No. CIV-06-165-RAW-KEW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Roger Clark, a state prisoner in Oklahoma, seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A). Because we conclude that Mr. Clark has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

**Background**

On July 2, 2003, a task force of Oklahoma police executed a search warrant

on Mr. Clark's home. After announcing themselves and waiting about twenty-

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

five seconds, the officers made a forced entry, secured the master bedroom, and then, after opening the adjoining door to the master bathroom, found Mr. Clark with his hands in the toilet. Inside the toilet was a clear plastic bag filled with a liquid, and also a white rag wrapped around a rock. Lab tests later confirmed that this rock was made of methamphetamine. A search of the apartment also uncovered digital scales, clear plastic baggies, a discolored brass fitting, a police radio and scanner, more methamphetamine in a nightstand drawer and in a shoe box at the side of the bed, and over $10,000 cash. After the police searched the house, Mr. Clark's wife, Sharon Clark, led them to a second location in a wooded area that contained empty cans of camp fuel, battery casings with the insides stripped out, plastic gas cans, muriatic acid, and other items used to manufacture methamphetamine.

The state charged Mr. Clark with Manufacture of Controlled Dangerous Substance (Methamphetamine) in violation of 63 Okla. Stat. § 2-401; Trafficking in Illegal Drugs (Methamphetamine) in violation of 63 Okla. Stat. § 2-415; and Unlawful Use of a Police Radio in violation of 21 Okla. Stat. § 1214. A jury trial was held on October 6–7, 2003, after which Mr. Clark was found guilty of all three charges. After retaining different counsel, Mr. Clark filed a motion for a new trial on November 13, 2003, which the trial court granted. Mr. Clark's second trial was held on January 12–14, 2004, and he was again found guilty on all three counts. The court sentenced him to fifty years and a $100,000 fine on

count one; life and a $200,000 fine on count two, and three years and a $5,000 fine on count three.

With the assistance of court-appointed counsel, Mr. Clark appealed his conviction to the Oklahoma Court of Criminal Appeals, which affirmed. He then filed an application for post-conviction relief. That application was denied on August 10, 2005. He appealed that denial to the Oklahoma Court of Criminal Appeals, which affirmed the denial of post-conviction relief on October 27, 2005. After pursuing these state remedies, Mr. Clark, pro se, filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Oklahoma. A magistrate judge issued a Report and Recommendation recommending that Mr. Clark's petition be denied. Mr. Clark filed timely objections to the report—at that point with the assistance of counsel—but the district court adopted the Report and Recommendation and denied Mr. Clark's petition on April 29, 2008.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When a habeas petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added). Mr. Clark contends that the trial court violated his constitutional rights in two ways: by failing to suppress his confession and by the cumulative effect of trial irregularities.

**A. Failure to Suppress Confession**

Mr. Clark argues that the trial court violated his constitutional rights by allowing the state to admit an involuntary confession into evidence. *See Jackson v. Denno*, 378 U.S. 368, 376 (1964) ("a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession"). Although he was read his *Miranda* warnings, Mr. Clark contends that his confession could not be voluntary because he is mentally retarded, because he was coerced by implied threats against his wife, and because he was improperly promised that his wife would not be charged if he gave a statement. Nowhere in his brief, however, does Mr. Clark challenge or even acknowledge the actual ground for the district court's rejection of this claim: procedural default.

-4-

According to the Report and Recommendation adopted by the district court, Mr. Clark failed to raise his present claim on direct appeal to the OCCA. "The argument on appeal was that petitioner's confession should have been suppressed because of his mental retardation" and that "any implied threat occurred after *Miranda* warnings were administered to petitioner," whereas his current habeas claim "is that the alleged threat was made prior to the *Miranda* warnings, placing the claim in a different legal posture." Rep. & Rec. 12. Mr. Clark had admitted in his habeas petition that he did not raise this voluntariness claim on direct appeal, and the court found that he had failed to demonstrate cause for that failure. *Id.* at 13.

Because the district court denied Mr. Clark's habeas petition on procedural grounds, he must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but *also* that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Mr. Clark has offered no reason for us to doubt the district court's finding of procedural default, and "we are not required to manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below." *Nat'l. Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1244 (10th Cir. 1989). Federal Rule of Appellate Procedure 28(a)(9)(A) requires that the appellant's opening brief contain "appellant's contentions and the reasons for them, with citations to the

authorities and parts of the record on which the appellant relies." An appellant's failure to raise the issue in the opening brief generally waives that issue on appeal. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1093); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

It might be that Mr. Clark now abandons the argument he made before the district court and instead renews the argument he made on direct appeal. This would explain why he does not challenge the determination that the argument made in his habeas petition was procedurally defaulted, as well as the fact that his current brief repeats, word for word, the argument he made on direct appeal. If that is the case, then Mr. Clark's failure to raise this issue before the district court waives the argument on appeal. "The well-settled law of this circuit is that issues not raised in district court may not be raised for the first time on appeal." *United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004); *see also United States v. Windrix*, 405 F.3d 1146, 1156 (10th Cir. 2005). To the extent that Mr. Clark is making a new argument in this appeal, we will not review it.

We deny Mr. Clark's request for COA on the issue of his confession because he has given no reason to doubt the district court's determination that the claim raised in his habeas petition is procedurally defaulted.

**B. Cumulative Error**

Mr. Clark also requests a COA on whether the cumulative effect of trial errors that might individually have been found harmless collectively denied him

his right to a fair trial. He never, however, draws our attention to any specific error. The closest he comes to identifying any individual error is to say that "his fundamental right to a fair trial was denied through the repeated improper admission of evidence in this case." Aplt. 15. Just what evidence Mr. Clark believes was improperly admitted and why such admission might be improper remains a mystery. This deficient briefing makes it impossible for us to address the issue. Moreover, Mr. Clark did not raise his cumulative error claim in his petition before the district court. Mr. Clark has therefore failed to make a substantial showing of the denial of a constitutional right as to this issue, and we deny his request for COA.

## Conclusion

Accordingly, we **DENY** Mr. Clark's request for a COA and **DISMISS** this appeal.

Entered for the Court,


Michael W. McConnell
Circuit Judge