**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND GATHER,

        Plaintiff - Appellant,

v.

OKARNG; OKLAHOMA BAR
ASSOCIATION,

        Defendants – Appellees.

No. 12-6048
(D.C. No. 5:12-CV-00166-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

This case is Raymond Gather's second unsuccessful *pro se* attempt to sue the

Oklahoma Army National Guard (ANG) and the Oklahoma Bar Association. The district

court dismissed his first complaint without prejudice, and we dismissed his appeal as

untimely. *Gather v. OKARNG*, No. 11-6212, at 1 (10th Cir. Aug. 19, 2011). His present

complaint alleges the ANG has used a variety of means to punish him for a crime he

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

    This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

has not committed. These means, he claims, include torture and mental control. According to his complaint, the ANG "utilizes electronic technology . . . that interfaces with body organs and body parts giving them complete access to my body functions." (R. at 4.) No details are provided. This practice, he argues, violates his civil rights, but he does not elaborate as to how.

His complaint also seeks an order requiring the Oklahoma Bar Association to provide a list of attorneys who would be willing to aid him in the prosecution of his claims against the ANG. The district court dismissed both claims under 28 U.S.C. § 1915(e)(2)(B). It concluded the Eleventh Amendment barred the claim against the ANG and the complaint against the Oklahoma Bar Association failed to state a claim for which relief could be granted. It dismissed the claim against the ANG without prejudice. It dismissed the claim against the Oklahoma Bar Association with prejudice to the extent it stated a civil rights claim under 42 U.S.C. § 1983 and without prejudice to the extent it stated "any state law claim." (R. at 20.)

In his brief to this Court, Gather's arguments are short and summary; they lack analysis and citation to pertinent authority.[1] For instance, he contends the district court erred in concluding the Eleventh Amendment barred his claim against the ANG. He argues the Eleventh Amendment does not apply because he is suing his own state. While the text of the Eleventh Amendment[2] may indeed suggest citizens can sue their own state

---

[1] Gather cites nary a case in support of his arguments.

[2] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by

in federal court, the Supreme Court foreclosed this argument in *Hans v. Louisiana*, 134 U.S. 1, 10-11 (1890).

Gather claims error in the dismissal of his claim against the Oklahoma Bar Association (failure to state a claim for which relief could be granted.). But he marshals no cogent argument as to why and cites no legal authority in support of his contention of error. As appellant, he bears the duty of demonstrating error and his entitlement to relief. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995). Because he has made no serious attempt to do so, he has waived his argument. *See id.*

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

Citizens *of another State*, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. xi (emphasis added).