**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES A. CHAMBERS,

Petitioner - Appellant,

v.

STATE OF KANSAS; EMMALEE
CONOVER, Warden, Winfield
Correctional Facility,

Respondents - Appellees.

No. 07-3306

(D. Kansas)

(D.C. No. 07-CV-3136-SAC)

**ORDER**

Before **HENRY**, Chief Judge, **TYMKOVICH** and **HOLMES**, Circuit Judges.

Charles Chambers, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his Writ of Habeas Corpus petition pursuant to 28 U.S.C. § 2241. For substantially the same reasons set forth by the district court – namely that Mr. Chambers has failed to exhaust available state court remedies – we deny the application for COA and dismiss the matter.

I. BACKGROUND

Mr. Chambers is in the custody of the State of Kansas, having been sentenced to concurrent sentences for possession of methamphetamine with intent

to sell (49 months), possession of marijuana (12 months), forgery (19 months), and theft (15 months). On August 16, 2006, Mr. Chambers filed a state habeas petition pursuant to KAN. STAT. ANN. § 60-1507. He argues, in a series of numerous filings, that the Kansas Department of Corrections improperly calculated his jail-time credits, based on its misinterpretation of Kansas law. His case was initially transferred to Reno County, but then was transferred back to Sedgwick County. On December 7, 2006, the Sedgwick County District Court granted another change of venue motion, moving the case to Cowley County. The Cowley County court has yet to address the claims on the merits.

On May 8, 2007, Mr. Chambers filed a "Motionary Statement for Sentence Correction Relief," in federal district court, in which he argued that he was entitled to relief under Federal Rule of Criminal Procedure 35. In a June 12, 2007 order, the district court noted that the federal criminal rule does not apply to Mr. Chambers's state sentence, and liberally construed the pro se pleading as seeking habeas corpus relief under 28 U.S.C. § 2241. The Department of Corrections responded with a motion to dismiss, based on the fact that the claims had yet to be addressed on the merits in state court since the change of venue to Cowley County. Shortly thereafter, Mr. Chambers filed a motion for summary judgment citing cases in which Kansas was found to have improperly applied jail-time credits, to argue that respondents' defenses were barred by res judicata. On October 4, 2007, the federal district court dismissed Mr. Chambers's § 2241

petition without prejudice because he had not exhausted his state court remedies or shown that such remedies are "'unavailable'" or would be "'ineffective under the circumstances.'" Rec. doc. 15, at 3 (quoting 28 U.S.C. § 2254(b)(1)). On October 18, 2007, the district court, construed his notice of appeal as a request for a COA, which it denied .

## II.  DISCUSSION

Mr. Chambers must obtain a COA in order to challenge the district court's dismissal of his habeas petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (10th Cir. 2003).  In order to obtain a COA, Mr. Chambers must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds, as here, a COA should issue only if reasonable jurists would find it debatable both that "the petition states a valid claim of the denial of a constitutional right" and "the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Mr. Chambers failed to exhaust his state court remedies, reasonable jurists could not debate the district court's procedural ruling.  28 U.S.C. § 2254(b)(1) provides that habeas relief shall not be granted unless:

> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or

3

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Absent exceptional circumstances, a federal court will not entertain habeas claims until the petitioner has exhausted available state court remedies. *Picard v. Connor*, 404 U.S. 270, 275 (1971). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Mr. Chambers argues that he has exhausted state court remedies because the change of venue to Cowley County was never actually entered. As both Mr. Chambers and the district court note, proceedings in Cowley County have stalled. *See* Rec. doc. 15, at 3 (noting that the state court proceeding "appears to be presently stalled in the process of changing venue of petitioner's action to another state district court . . . .").

Though the change of venue was granted December 7, 2006, on June 13, 2007, the Cowley County clerk responded to Mr. Chambers's inquiry about the status of his case by saying only, "We have not received anything to date." Rec. doc. 7, at 4 ("Show Cause Exhibit"). The burden is on Mr. Chambers to show that he exhausted his state court remedies. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). One inquiry to the Cowley County clerk about the status of his mandamus petition is insufficient to demonstrate that state court remedies are either unavailable or ineffective under the circumstances. *See* § 2254(b)(1).

4

However, we expect that by now, fourteen months after the change of venue was granted, Cowley County has received notice and we eagerly await that court's decision.

As for Mr. Chambers's arguments that the doctrine of *res judicata* bars the State's motion to dismiss, we agree with the district court that no facts or law support the application of that doctrine in the present case.

### III. CONCLUSION

For the foregoing reasons, since no reasonable jury could debate whether the district court's procedural ruling was correct, we DENY the application for COA and DISMISS the matter.

Entered for the Court,


Robert H. Henry
Chief Judge