FILED
United States Court of Appeals
Tenth Circuit

December 13, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAMON RIVERA,

      Petitioner - Appellant,

v.

MIKE MULLIN; DREW EDMONDSON,

      Respondents - Appellees

No. 11-6180
(W.D. Okla.)
(D.C. No. 5:11-CV-00173-HE)

**ORDER DENYING LEAVE TO APPEAL WITHOUT PREPAYMENT OF FEES,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Ramon Rivera, a state prisoner proceeding pro se, wants to appeal from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We deny his request for a Certificate of Appealability (COA) and dismiss this appeal.

## I.    BACKGROUND

In 2009, pursuant to a plea agreement Rivera pled no contest to unlawful possession of a controlled drug with intent to distribute. He was sentenced 15 years imprisonment. Rivera did not timely appeal, but later sought state post-conviction relief. The Oklahoma district court concluded his contentions of error were cognizable only on direct appeal and he had shown no justification for an appeal out of time. The Oklahoma

Court of Criminal Appeals affirmed.

Rivera, proceeding pro se, then filed his § 2254 petition. It contended he was denied the effective assistance of counsel and he did not voluntarily, intelligently, or knowingly waive his right to a jury trial.

According to the assigned magistrate judge, Rivera's conviction became final on May 14, 2009, when the time for seeking to withdraw his plea or to appeal expired. Thus, the one-year limitation for filing a habeas petition expired on May 15, 2010. *See* 28 U.S.C. § 2244(d)(1). Rivera did not file his petition until February 8, 2011.[1] Therefore, the magistrate recommended the petition be dismissed as untimely. Although Rivera filed an objection to the magistrate's report, he did not meaningfully address the timeliness issue. The district court adopted the magistrate's report and recommendation, dismissed the petition, and entered judgment accordingly.

## II.    DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). Ordinarily, we issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But we cannot issue a COA when the district court correctly invokes a procedural bar to dispose of the case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] His petition for state post-conviction relief did not toll the limitations period because it was not filed until September 17, 2010 – after the limitations period had already run. *See* 28 U.S.C. § 2244(d)(2); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Although Rivera bears the burden of demonstrating error, *Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995), he does not address the timeliness issue in his brief and application for COA. We liberally construe the filings of pro se appellants, *see Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), but there are limits to our solicitude. We are "not required to manufacture an appellant's argument on appeal when [he] has failed in [his] burden to draw our attention to the error below." *Hernandez*, 69 F.3d at 1093 (quotations omitted). The magistrate's cogent report and recommendation correctly considered and resolved the timeliness issue; since Rivera's objection did not address that issue, the district court properly adopted the magistrate's report and recommendation.[2] No reasonable jurist could conclude otherwise. *See Slack*, 529 U.S. at 484.

### III. FILING FEES

The district court denied Rivera's motion for leave to appeal without prepayment of fees because his appeal was not taken in good faith. 28 U.S.C. 1915 (a)(3)[3] He has

---

[2] *See also Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (absent certain circumstances, "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions").

[3] 28 U.S.C. § 1915 was amended by The Prison Litigation Reform Act (PLRA), particularly §§ 1915(a)(2) and (b). The PLRA amendments do not apply to §§ 2241, 2254 and 2255 actions or appeals. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (§ 2241); *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (§ 2254 and § 2255)), *overruled on other grounds, United States v. Hurst*, 322 F.3d 1256, 1261 n.4 (10th Cir. 2003). However, only the PLRA amendments are inapplicable, *see McIntosh*, 115 F.3d at 812; the balance of the statute does apply to such cases. Since § 1915(a)(1) and (3) pre-date and were not substantively modified by the PLRA, §§ 2241, 2254 or 2255 petitioners must comply with those provisions.

reapplied here.  *See* F. R. App. P. 4(a)(5).  To qualify, he "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added).  Even though we have solicitously reviewed his filings, he has failed to pass this threshold.  His brief simply makes no argument – let alone a reasoned and nonfrivolous argument – as to the dispositive issue, timeliness.

We **DENY** Rivera's application for a COA and his motion to proceed on appeal without prepayment of fees and **DISMISS** the appeal.  Rivera must pay the filing and docket fees in full to the clerk of the district court.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (noting dismissal of appeal does not relieve appellant of obligation to pay the filing fee).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 4 -