**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY GENE MARSHALL,

    Petitioner-Appellant,

v.

JAMES RUDEK, Warden,

    Respondent-Appellee.

No. 12-5054
(D.C. No. 4:08-CV-00748-CVE-TLW)
(N. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Billy Gene Marshall, an Oklahoma prisoner proceeding pro se, seeks a certificate

of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

habeas corpus petition. Because reasonable jurists could not debate whether the state

court's decision on the merits of Marshall's constitutional claim was unreasonable or

contrary to clearly established federal law, we deny his COA request and dismiss this

matter. Dockins v. Hines, 374 F.3d 935, 937–38 (10th Cir. 2004).

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I

In 2007, an Oklahoma jury convicted Marshall of Robbery with a Dangerous Weapon, Okla. Stat. tit. 21, § 801, after conviction of two or more felonies. The jury found that Marshall robbed the J&J Bargain Depot, in Tulsa, Oklahoma after hitting the sales clerk in the back of the head with a hammer. He took money, lottery tickets, and two comforters. In accordance with the jury's recommendation, the court sentenced Marshall to life imprisonment, due in part to his criminal history. He appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed his conviction in an unpublished summary opinion. Marshall v. Oklahoma, No. F-2007-815 (Okla. Crim. App. Nov. 18, 2008).

On January 18, 2011, Marshall filed a habeas corpus petition in the United States District Court for the Northern District of Oklahoma, challenging his conviction under 28 U.S.C. § 2254. Marshall's petition focused on four arguments. First, he argued that the victim's in-court identification of Marshall as the robber violated Marshall's constitutional right to due process. Second, Marshall argued that the evidence was insufficient to convict him of the crime of robbery. Third, he argued that he was denied the effective assistance of counsel when his trial counsel failed to investigate and utilize DNA evidence which was allegedly exculpatory. Finally, Marshall argued that he was denied the effective assistance of counsel because his trial counsel failed to prepare and file a motion to suppress evidence resulting from Marshall's alleged false arrest. The district court denied relief, and Marshall sought a COA in order to appeal to this court,

2

reiterating all of his arguments. The district court denied Marshall's request for a COA.

## II

Marshall must obtain a COA before he can appeal the denial of his § 2254 motion. See 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA). Marshall will receive a COA "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where, as here, the claims set forth in a federal habeas petition were adjudicated on the merits in state court proceedings, Congress has instructed that we may grant habeas relief only where the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, a "COA may be granted only if reasonable jurists could debate whether the petitioner might be eligible for habeas relief—i.e., in a case governed by § 2254(d), whether the state court's decision on the merits of the petitioner's constitutional claim was unreasonable or ran contrary to clearly established federal law." Dockins, 374 F.3d

3

at 937–38.  Here, reasonable jurists could not debate whether the district court correctly resolved Marshall's motion; the state court decision does not fall within the narrow confines of 28 U.S.C. § 2254(d).

First, the district court correctly determined that the in-court identification of Marshall by the victim in the robbery did not violate Marshall's constitutional right to due process.  As reflected in the investigative records submitted by Marshall, and as the district court noted, the victim initially described the robber as being bald when Marshall in fact had closely cropped grey hair that had been dyed black.  But when presented with a photo lineup, she immediately and positively identified Marshall as the robber, and she stood by her identification throughout the trial.  Based on the totality of the circumstances, the OCCA determined that the in-court identification did not violate Marshall's due-process rights.

The Supreme Court has "conclude[d] that reliability is the linchpin in determining the admissibility of identification testimony."  Manson v. Brathwaite, 432 U.S. 98, 114 (1977).  Although Marshall's brief is unclear, we read it broadly to allege that the initial photo lineup was suggestive, thereby tainting the victim's later in-court identification.  The OCCA rejected this allegation, finding that "the victim's identification of Appellant as the perpetrator of the armed robbery was not based on any improperly suggestive photographic lineup."  Marshall v. Oklahoma, No. F-2007-815 at *2.  Marshall has provided no evidence to rebut the presumption of correctness afforded the state court's finding.  28 U.S.C. § 2254(e)(1) (stating that state court factual findings are entitled to a

4

presumption of correctness).

Even if we were to assume that the photo lineup was suggestive, under the Brathwaite framework, 432 U.S. at 114, "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, . . . the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation," clearly outweigh any potential corrupting effects the photo lineup may have had. Here, prior to being robbed, the victim closely observed Marshall for approximately forty-five minutes while he was present in the store. Further, after Marshall hit her in the head, the victim had an additional opportunity to view Marshall at close range when he took her to the store's bathroom and bound her hands, feet, and neck. Although her initial description of the robber did not closely match Marshall, this discrepancy was thoroughly vetted during cross examination. She testified that she was positive that Marshall was the man who robbed her. Thus, based on the totality of the circumstances, the OCCA's determination that the subsequent in-court identification did not violate Marshall's due process rights is not contrary to clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented. We deny Marshall's request for a COA on his first argument.

Second, the district court correctly rejected Marshall's argument that the evidence was insufficient to convict him of the crime of robbery. Generally, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) (per curiam).

5

"The evidence is sufficient to support a conviction whenever, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  And a state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the decision was objectively unreasonable."  Parker v. Matthews, __ S. Ct. __, 2012 WL 2076341, at *3 (June 11, 2012).  This is a "twice deferential standard."  Id. The evidence in this case—the victim's identification of Marshall as her attacker, Marshall's statements to witnesses and to the police, and the comforter found in Marshall's home after the robbery that was at least similar to those taken from the store—suffices to show that the OCCA's decision was not objectively unreasonable.[1] We deny Marshall's request for a COA on his second argument.

Third, as the district court found, Marshall's argument that his trial counsel rendered ineffective assistance when she did not investigate and utilize DNA evidence which was allegedly exculpatory also fails.[2]  Although Marshall argues that his counsel

---

[1]  This court has "never clearly settled whether we treat sufficiency of evidence issues on habeas review as a question of law [, reviewed under 28 U.S.C. § 2254(d)(1),] or a question of fact [, reviewed under 28 U.S.C. § 2254(d)(2),].  As in many of our recent cases, however, we need not decide this question here because Petitioner is not entitled to habeas relief under either standard."  Dockins, 372 F.3d at 939.

[2] Marshall's third claim is unexhausted, as Marshall failed to present it to the OCCA.  But rather than analyze the procedural status of this claim, we follow the district court's reasoning and analysis and deny the claim on the merits.  Marshall v. Rudek, No. 08-CV-0748, 2012 WL 951403, at *11 ( N.D. Okla. Mar. 20, 2012) (citing 28 U.S.C. § 2254(b)(2); Smith v. Mullin, 379 F.3d 919, 927 (10th Cir. 2004) ("We need not determine the level of deference owed the OCCA's conclusions as to these various misconduct

(continued...)

6

did not receive the DNA test results prior to trial, the OCCA found that the DNA test results were provided to defense counsel in advance of trial.  Marshall v. Oklahoma, No. F-2007-815 at *3–4.  Marshall has provided no evidence to rebut the presumption of correctness afforded the state court's finding.  28 U.S.C. § 2254(e)(1).  Further, trial counsel relied on the lack of inculpatory DNA evidence during her opening argument, during her cross-examination of a detective in the case, and during her closing argument. In doing so, trial counsel utilized the DNA evidence in Marshall's defense and demonstrated that she had, in fact, received the test results.  Thus, we deny Marshall's request for a COA on his third argument.

Finally, Marshall argued that he was denied the effective assistance of counsel because his trial counsel failed to prepare and file a motion under Franks v. Delaware, 438 U.S. 154 (1978), to suppress evidence resulting from his arrest or, in the alterative, because his trial counsel failed to adopt his motion asserting false arrest.  As the district court noted, a successful habeas petition based on ineffective assistance of counsel must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).  Our review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential."  Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011).  Under Strickland's first prong, a defendant must show

---

[2](...continued)
claims or which [claims] are barred on independent and adequate state grounds.  Where an issue may be more easily and succinctly affirmed on the merits, judicial economy counsels in favor of such a disposition.")).

that his counsel's performance was deficient.  <u>Strickland</u>, 466 U.S. at 687.  Assuming without deciding that trial counsel's performance was deficient, we turn to the second prong.  Under <u>Strickland</u>'s second prong, the defendant must also show that the deficient performance so prejudiced his defense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id.</u> at 694.  Here, the OCCA held that "the anonymous tip, followed by the victim's positive identification [of Marshall as the robber], was sufficient to support the arrest warrant, [so] trial counsel was not ineffective for failing to challenge the legality of Appellant's arrest."  <u>Marshall v. Oklahoma</u>, No. F-2007-815 at *4.  This holding was not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court, and we deny Marshall's request for a COA on this claim as well.  28 U.S.C. § 2254(d).

## III

Accordingly, we DENY Marshall's COA application and DISMISS this matter.


Entered for the Court


Mary Beck Briscoe
Chief Judge


8