**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY GENE MARSHALL,

   Plaintiff - Appellant,

v.

PHIL LOMBARDI; JOHN DOE, Court
Clerk; MARY JANE, Court Clerk,

   Defendants - Appellees.

No. 13-5126
(D.C. No. 4:13-CV-00484-SPF-PJC)
(N.D. Okla.)

**ORDER DISMISSING APPEAL AND**
**ORDER DENYING MOTION FOR LEAVE TO PROCEED**
**WITHOUT PREPAYMENT OF FEES**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Billy Gene Marshall, acting pro se, brought a civil rights complaint against the

Clerk of Court for the U.S. District Court for the Northern District of Oklahoma and two

unnamed court clerks. He alleged the clerks deprived him of due process in a habeas

corpus case when they mislabeled a document he sent for filing. He claims the motion,

captioned "Motion to Admit and deny Authenticity of Attached documentation,"

contained "'material' evidence of [his] actual innocence." (R. Vol. 1 at 15.) He says the

clerks incorrectly filed the motion as a "Request For Admissions," (R. Vol. 1 at 16),

which prevented the court from considering it. He also claims he was improperly denied

any notice of the change. He asserts the clerks' actions deprived him of "his right to

present evidence of his actual innocence." (R. Vol. 1 at 19.) He seeks $6 million in compensation for this "willful and wanton failure" to honor his rights.

The judges of the Northern District of Oklahoma recused themselves from the case and it was assigned to District Judge Stephen P. Friot, from the Western District of Oklahoma. Acting sua sponte, the judge dismissed Marshall's complaint without prejudice under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), which requires plaintiffs whose civil rights complaints "necessarily imply the invalidity of [the] conviction or sentence" to show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *id.* at 486-87, prior to filing their complaint. *See also Garza v. Burnett*, 672 F.3d 1217, 1218 (10th Cir. 2012) ("Under *Heck v. Humphrey*, . . . a plaintiff may not sue . . . if success in the action would undermine a criminal conviction."). Since Marshall alleged his actual innocence without first obtaining such a reversal or repudiation of his conviction, the judge reasoned, Marshall was "essentially seek[ing] to relitigate claims presented in his habeas corpus case," just as *Heck v. Humphrey* forbids. (R. Vol. 1 at 28.) The judge also denied Marshall's request to proceed without prepayment of costs and fees on appeal; he reapplies here.

Although Marshall bears the burden of demonstrating an error in the proceedings before the district court, *Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995), he has not meaningfully addressed the district judge's *Heck v. Humphrey* analysis. While he does claim "[a] decision against appellee(s) would not invalidate the conviction"

(Appellant Br. 15.), he fails to explain why.[1]  The only authority he cites, *Hill v. Hawes*, 320 U.S. 520 (1944), also fails to suggest any fault in the judge's *Heck* analysis.  While we liberally construe the filings of pro se appellants, *see Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), we are "not required to manufacture an appellant's argument on appeal when [he] has failed in [his] burden to draw our attention to [an] error below."  *Starbuck*, 69 F.3d at 1093 (quotation marks omitted).  Given the lack of any meaningful argument responsive to the judge's rationale for dismissal, Marshall has waived any objection to the dismissal order.  *See id*.

Because Marshall fails to identify any error in the district judge's analysis, this appeal is frivolous.  We DISMISS it as required by 28 U.S.C. § 1915(e)(2)(B)(i).  We IMPOSE a strike under 28 U.S.C. § 1915(g).  Coupled with the district court's dismissal, he now has two strikes associated with this case.  *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").  Marshall has a prior strike, arising from the dismissal of appeal 12-6272.  As such, he has accrued three strikes and is now subject to the significant restrictions on filing civil actions and appeals described in 28 U.S.C. § 1915(g).

---

[1] In the same breath in which he assures us he is not challenging his conviction, he explains how, in his view, one consequence of success on his claim would be to "reinstate [his] appeal for further habeas review." (Appellant Br. 14.)  And, indeed, he goes on at length in his brief to explain how his filing would have demonstrated he was "actually innocent." (Appellant Br. 2)  Because his complaint seeks "to negate an element of the offense of which he ha[s] been convicted," *Heck*, 512 U.S. at 486-87, it challenges his conviction and is squarely barred.

We also DENY Marshall's motion to proceed without prepayment of costs and fees, *see DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (concluding "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal" is a prerequisite for leave to proceed on appeal without prepayment of costs and fees), and remind him of his obligation to pay the filing and docket fees in full. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge