FILED
United States Court of Appeals
Tenth Circuit

August 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BILLY G. MARSHALL,

      Petitioner - Appellant,

v.

JAMES RUDEK, Warden,

      Respondent - Appellee.

No. 14-5064
(D.C. No. 4:08-CV-00748-CVE-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

      Billy G. Marshall, an Oklahoma prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his "motion to

vacate." We deny a COA and dismiss this matter.

      In 2007, Mr. Marshall was convicted in Oklahoma state court of robbery with

a dangerous weapon after conviction of two or more felonies and sentenced to life

imprisonment. After the Oklahoma Court of Criminal Appeals affirmed his

conviction and sentence, he filed an application for habeas corpus relief under

28 U.S.C. § 2254 in federal district court. He argued that (1) the victim's in-court

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

identification of him as the robber violated his due process rights; (2) the evidence was insufficient to convict him of robbery; (3) his trial counsel was ineffective for failing to investigate and use allegedly exculpatory DNA evidence; and (4) his trial counsel was ineffective for failing to prepare and file a motion to suppress evidence resulting from his allegedly false arrest. The district court denied § 2254 relief and a COA. We too denied a COA. *See Marshall v. Rudek*, 486 F. App'x 717, 721 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 858 (2013).

Earlier this year, Mr. Marshall filed in the district court a motion to vacate the § 2254 judgment asserting three grounds for relief: (1) he was denied due process when the district court clerk's office erroneously re-characterized a motion he filed in his § 2254 case; (2) his § 2254 case should be reinstated due to the error, because he was improperly identified and was actually innocent of the robbery, but was deprived of the opportunity to prove it; and (3) the district court and Tenth Circuit were biased in their decisions denying his civil rights action against the district court clerks, *see Marshall v. Lombardi*, 558 F. App'x 838, 839 (10th Cir. 2014) (dismissing as frivolous appeal from district court's dismissal of Mr. Marshall's civil rights complaint against court clerks). The district court construed the motion to vacate as a request for Fed. R. Civ. P. 60(b) relief. Deeming the first two claims to be unauthorized second or successive § 2254 claims that sought relief from Mr. Marshall's underlying conviction, the court dismissed them for lack of jurisdiction. In deciding whether to dismiss or transfer to this court, the district court

determined that any claim based on the docketing error was barred by a one-year statute of limitations and all of the claims were patently meritless. The court dismissed the third claim because Mr. Marshall was improperly attempting to re-litigate rejected civil rights claims in a habeas action. The court also denied a COA.

Mr. Marshall now seeks a COA from us, asserting that (1) the district court incorrectly decided that his first two claims were second or successive because he was attacking the integrity, not the merits, of the § 2254 proceedings; (2) his motion to vacate was not untimely under Rule 60(b) and any delay in filing was excusable because he is asserting fraud; and (3) his motion to vacate was proper because he complained of actions taken by court officers.

A COA is a jurisdictional prerequisite to our review of the district court's decision. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Mr. Marshall's motion to vacate on procedural grounds, we will grant a COA only if he "shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We conclude that Mr. Marshall failed to make this showing. In essence, Mr. Marshall's claims are identical to the identification and innocence claims he asserted in his first § 2254 application and are an attempt by him to challenge the same conviction and sentence he previously challenged unsuccessfully. He even admits in his current COA application that he previously pointed out the docketing error in his appellate COA application in the first § 2254 case. Under these circumstances, no reasonable jurist could debate the correctness of the district court's conclusion that Mr. Marshall's motion was a second or successive § 2254 application for which he failed to obtain circuit court authorization. *See* 28 U.S.C. § 2244(b)(3). Nor is it debatable that the district court, when presented with an unauthorized second or successive application, correctly dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam). Lastly, it is not debatable that the court correctly dismissed Mr. Marshall's attempt to re-litigate his civil rights claims in this habeas proceeding.

Accordingly, we deny the application for a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -