FILED
United States Court of Appeals
Tenth Circuit

May 31, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DELONTA D. CRANK,

     Plaintiff - Appellant,

v.

EDWARD D. BRONFIN; CHRISTINE
WASHBURN; MAGGIE CONBOY;
TAMRA THOMPSON; DAVID KRAUT,

     Defendants - Appellees.

No. 17-1134
(D.C. No. 1:17-CV-00707-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Plaintiff-Appellant Delonta Crank, proceeding pro se,[1] appeals the dismissal of

his complaint.  He is detained at the Denver County Jail in Denver, Colorado.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Crank is proceeding pro se, we construe his filings liberally.
*See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)
(per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009)
("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal

Continued . . .

On January 6, 2017, while Mr. Crank was a pretrial detainee facing criminal charges, he appeared for a proceeding before state trial Judge Edward D. Bronfin.[2] On March 20, 2017, Mr. Crank filed a pro se complaint in federal district court arising from events at the January 6 proceeding. In his complaint, Mr. Crank attempted to assert several civil rights claims under 42 U.S.C. § 1983 against various defendants, including Judge Bronfin, and the state prosecutor, Christine Washburn.[3] He also filed a motion for leave to proceed *in forma pauperis* ("*ifp*").

Construing the complaint's arguments liberally, the district court nevertheless dismissed it as "legally frivolous" under 28 U.S.C. § 1915(e)(2)(B) because: (1) assuming Mr. Crank was a pretrial detainee, the court lacked jurisdiction under the *Younger* abstention doctrine, which prohibits federal courts from interfering with ongoing state criminal proceedings, *see Younger v. Harris*, 401 U.S. 37 (1971); (2) even if Mr. Crank was no longer a pretrial detainee but had already been convicted, his claims for damages were barred under *Heck v. Humphrey*, 512 U.S.

construction stops, however, at the point at which we begin to serve as his advocate.").

[2] Neither the record nor the district court's opinion indicates the nature of the proceeding or the specific charges against Mr. Crank, but this is immaterial for the purpose of deciding this appeal.

[3] He claimed Judge Bronfin stated that, based on the evidence, no jury could rule in Mr. Crank's favor, which violated his rights and inflicted emotional distress. He also claimed Christine Washburn called him a "child killer" and "imbecile monster," which violated his rights and subjected him to cruel and unusual punishment because he had not been found guilty of any crime. Record on Appeal ("ROA") at 7. Mr. Crank sought money damages and a temporary injunction or restraining order against the defendants.

477, 487 (1994), which prohibits civil rights actions that, if successful, "would necessarily imply the invalidity of [the prisoner's] conviction or sentence"; and (3) absolute judicial and prosecutorial immunity protected the challenged conduct. ROA at 14-22 (Order Dismissing Complaint). The court certified that any appeal would not be taken in good faith and therefore denied leave to proceed without prepayment of the appellate filing fee. *See* 28 U.S.C. § 1915(a)(3). Mr. Crank filed a timely appeal.

Title 28 U.S.C. § 1915(e)(2)(B) provides that a court shall dismiss an *ifp* case "if the court determines that . . . the action or appeal . . . is frivolous or malicious." A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Mr. Crank bears the burden of demonstrating an error in the proceedings before the district court, *see Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995), but he has failed to address, analyze, or even identify an error. Mr. Crank submitted this court's form (A-12) for pro se litigants to use in lieu of a formal brief, but his entire argument is contained within a single sentence: "I would like the Court to overturn the bias rulings that Judge Edward D. Bronfin made in my case because the prosecutors never proved their case against me without those rulings." Aplt. Br. at 4. In response to the form's questions asking whether he thinks the district court applied the wrong law, decided the facts incorrectly, or failed to consider important

- 3 -

grounds for relief, Mr. Crank merely answered "yes" without providing any elaboration. *Id.* He cites no legal authority for his claim, nor does he identify any fault in the district court's analysis.

This appeal is frivolous. We affirm the dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), and we impose a strike under 28 U.S.C. § 1915(g). *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir. 1999), *overruled on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

We also deny Mr. Crank's motion to proceed without prepayment of costs and fees, *see DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (concluding "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal" is a prerequisite for leave to proceed on appeal without prepayment), and remind him of his obligation to pay the filing and docket fees in full, *see Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

Affirmed.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge