FILED
United States Court of Appeals
Tenth Circuit

September 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY LEROY DAVIS,

      Petitioner - Appellant,

v.

DAN SCHNURR,

      Respondent - Appellee.

No. 17-3163
(D.C. No. 5:17-CV-03087-SAC)
(D. Kan.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

On May 19, 2017, Applicant Anthony Davis filed for relief in the United States District Court for the District of Kansas on a form for applications under 28 U.S.C. § 2254. He asserted a violation of his "right to procedural due process" because he has purportedly "satisfied" his "computed sentences" and so has a "right to be released." R., Vol. 1 at 9. As this is a challenge to the calculation of his sentence, the district court construed the application as one under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). The court then dismissed it without prejudice because Applicant had not shown that he had exhausted state-court remedies. Applicant filed a notice of appeal. To appeal, he must obtain a certificate of appealability (COA). *See id.* at 867. The district court refused to issue a COA, so Applicant has applied to this court for one.

"When a district court dismisses a petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA cannot issue unless the petitioner shows both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Frost v. Pryor*, 749 F.3d 1212, 1230 (10th Cir. 2014) (internal quotation marks omitted). Even assuming that Applicant could meet this test's first prong, he has not shown that reasonable jurists could debate the second.

Before seeking federal habeas relief, a state prisoner proceeding under § 2241 must exhaust available state-court remedies. *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). This is to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "[A] state prisoner must give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Frost*, 749 F.3d at 1231 (internal quotation marks omitted). A complete round includes seeking discretionary review in the State's highest court. *See id.*

It is Applicant's burden to show exhaustion of state-court remedies. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). He has not done so. Although his brief to this court mentions a pending matter in Kansas state court, and apparently he recently received a decision from the Kansas Court of Appeals, he has made no showing that he has pursued the claim before us through Kansas courts to the state supreme court.

All reasonable jurists would agree that Applicant has not exhausted his state-court remedies.

We **DENY** Applicant's COA request and dismiss this appeal.

Entered for the Court


Harris L Hartz
Circuit Judge