FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHELBY RICHARDSON,

      Plaintiff - Appellant,

v.

SERGEANT WERNER, Washington
County Jail, Sheriff's Office;
DEPUTY SMERE, Washington
County Jail, Sheriff's Office,

      Defendants - Appellees.

No. 19-1043
(D.C. No. 1:18-CV-02432-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.

---

After examining the parties' briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Shelby Richardson filed a 42 U.S.C. § 1983 civil rights complaint, asserting a claim of constitutionally inadequate medical treatment against two guards at the Washington County Jail. Richardson asserted he injured his big toe and, in response the guards provided him with bandages, "which did not stop the bleeding and told me I could see the nurse the next day."

Because Richardson was proceeding *in forma pauperis*, the district court screened his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). Upon such screening, the district court concluded Richardson's complaint was legally frivolous because the allegations in his complaint, read liberally and treated as true, did not come close to demonstrating deliberate indifference on the part of the defendant guards. Thus, the district court dismissed Richardson's complaint. The district court's decision is soundly based on legal precedent and principles and Richardson's brief on appeal, even construed liberally, offers no authority or argument that calls the decision into question. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) ("Because the appellant comes to the court of appeals as the challenger, he bears the burden of demonstrating the alleged error and the precise relief sought."). Nor does Richardson tie his appellate arguments, to the extent any exist in his brief, to the facts and to relevant authorities. *See* Fed. R. App. P. 29(a)(9) (requiring that the appellant's brief contain an argument supported by citations to pertinent legal authorities and

the parts of the record upon which the appellant relies).  Instead, Richardson's

brief on appeal attempts to hold the defendant guards responsible for each other's

conduct and the conduct of a non-defendant nurse, an approach Richardson was

specifically informed was at odds with governing law.  *See Nasious v. Two*

*Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (holding that a

plaintiff like Richardson must explain what each defendant did to him, when the

defendant did it, how the defendant's action harmed him, and what specific legal

right he believes the defendant violated); *see also Kentucky v. Graham*, 473 U.S.

159, 166 (1985) (holding that to establish personal participation in the alleged

constitutional violation, a plaintiff must show how each named individual caused

the deprivation of a federal right).

Therefore, for those reasons set out above, this court exercises jurisdiction

pursuant to 28 U.S.C. § 1291 and **AFFIRMS** the district court's judgment.

Furthermore, because Richardson's brief does not demonstrate "the existence of a

reasoned, nonfrivolous argument on the law and facts in support of the issues

raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991),

we **DENY** his request to proceed on appeal in forma pauperis.  Richardson is

ordered to immediately remit the entire unpaid balance of the appellate filing fee.

Finally, we **DENY** Richardson's motion for appointment of counsel.  That motion

is predicated entirely on Richardson's supposed need for an attorney to litigate

this case when it goes to trial. Given this court's affirmance of the district court's order dismissing Richardson's appeal as frivolous, there exists in the record no basis to appoint counsel on Richardson's behalf.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge