**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ARIC MIERA,

    Petitioner - Appellant,

v.

MATT WINDEN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 20-1073
(D.C. No. 1:19-CV-02040-WJM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Aric Miera seeks to appeal the denial of his petition for a writ of habeas corpus

under 28 U.S.C. § 2254.  We conclude Mr. Miera is not entitled to a certificate of

appealability ("COA") and dismiss this matter.

**I**

Mr. Miera was charged in Colorado state court with first-degree murder after

deliberation, felony murder, first-degree burglary with intent to commit murder, and two

crimes of violence after he shot and killed his ex-wife's divorce attorney.  The evidence

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

at his first trial demonstrated that he had been exhibiting bizarre behavior in the days leading up to and including the shooting. After his arrest on the day of the shooting, he gave a videotaped statement to police in which he stated that he had ingested "speed" a couple of days earlier. A blood sample taken shortly after his arrest, however, did not contain any traceable amounts of drugs or alcohol.

The trial court granted a mistrial at Mr. Miera's first trial. At his second trial, he argued that he was not guilty by reason of insanity. The prosecution maintained that he was not insane and that he was seeking revenge against the victim for his role in Mr. Miera's divorce. The prosecution also argued that because Mr. Miera's psychosis was caused by substance abuse, he was excluded from the definition of insanity.

At his second trial, the jury convicted Mr. Miera of first-degree murder after deliberation and first-degree burglary with intent to commit murder. He was sentenced to life without parole, and his convictions were affirmed on direct appeal. Mr. Miera followed with an application for post-conviction relief. The state trial court denied the application, a decision that was affirmed by the Colorado Court of Appeals.

Mr. Miera subsequently filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions. In his petition, he asserted two claims: (1) that the trial court's failure to sua sponte instruct the jury regarding voluntary intoxication violated his due process rights; and (2) that his counsel was ineffective by failing to request jury instructions on voluntary intoxication; failing to seek suppression of unconstitutionally obtained inculpatory statements; and failing to object to admission of evidence of prior bad acts. The district court denied Mr. Miera's

petition and denied a COA.  It concluded that he had not shown that the state court's resolution of these claims was contrary to, or an unreasonable application of, clearly established federal law or that the state court decision was based on an unreasonable determination of the facts, as required for federal relief.  Mr. Miera timely filed a notice of appeal.

## II

A state prisoner must obtain a COA in order to appeal a denial of federal habeas relief.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  A petitioner seeking a COA must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This, in turn, requires a demonstration that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Put another way, a state prisoner must show that the district court's resolution of his or her constitutional claim was "debatable or wrong."  *Id.*

Habeas petitions are evaluated in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  A state prisoner must first exhaust his or her claims in state court before a federal court may review them.  28 U.S.C. § 2254(b)(1)(A).  For claims adjudicated by a state court on the merits, federal relief is proper only if the prisoner shows the state court decision was "contrary to, or involved an unreasonable interpretation of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). On federal appeal, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

## III

## A

Turning to Mr. Miera's first claim in his application for a COA—that the trial court's failure to sua sponte instruct the jury regarding voluntary intoxication violated his due process rights—the district court concluded that the state court's resolution of this claim was not based on an unreasonable determination of the facts given "the absence of evidence of intoxication at the time of the offense" and "the fact that the intoxication instruction would have significantly undermined the insanity defense." ROA, Vol. I at 325. The district court also concluded that Mr. Miera failed to demonstrate that the state court's resolution of this claim was contrary to, or an unreasonable application of, clearly established federal law, as he failed to cite any contradictory Supreme Court case. *Id.* at 325–26 (emphasizing that Mr. Miera's arguments related to the state court misapplying *state* law).

On appeal, Mr. Miera fails to meaningfully address the district court's rationale for its conclusion that he is not entitled to relief on this claim. In his application for a COA,

4

he cites various Colorado cases relating to when a defendant can request jury instructions on lesser offenses; when an erroneous jury instruction constitutes plain error; and the forms of insanity defenses. *See* Aplt. Br. at 9–10. But Mr. Miera fails to cite a Supreme Court case to argue that the state court's resolution of this claim was contrary to, or an unreasonable application of, clearly established *federal* law. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000) (clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision"). He also fails to address the district court's conclusion that the state court's resolution of this claim was not based on an unreasonable determination of the facts. While we liberally construe the filings of pro se appellants, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), we are "not required to manufacture an appellant's argument on appeal when [he] has failed in [his] burden to draw our attention to the error below." *Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) (quotations omitted) (emphasizing that the appellant "bears the burden of demonstrating the alleged error" in the district court's decision); *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived."). Mr. Miera fails to call the district court's analysis of his due process claim into question.

**B**

In his second claim, Mr. Miera contends that his counsel was ineffective. He argues, first, that his counsel was ineffective by failing to request jury instructions on voluntary intoxication. The district court rejected this argument, concluding that Mr.

5

Miera failed to identify any Supreme Court decision contrary to the state court ruling; failed to demonstrate that the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984) (setting forth the two-part test for judging ineffective assistance of counsel claims); and failed to show that the state court's decision was based on an unreasonable determination of the facts. ROA, Vol. I at 331–34. Once more, Mr. Miera fails to respond to the district court's analysis. In his application for a COA, he cites— without any supporting argument—Ninth Circuit and Colorado cases setting forth the framework for evaluating ineffective assistance of counsel claims. *See* Aplt. Br. at 10. He also sets forth the two forms of an insanity defense under Colorado law, *see id.*, but he does not address any portion of the district court's analysis under § 2254. He therefore offers nothing to meaningfully impeach the district court's reasoning.

Mr. Miera also contends that his counsel was ineffective for failing to seek suppression of unconstitutionally obtained inculpatory statements. Specifically, he argues that his statements that he "had taken drugs within days of the shooting" and "did what he did for a reason" should have been suppressed because they were involuntary and made after he invoked his right to silence. ROA, Vol. I at 334 (internal quotation marks omitted). On this issue, the district court again concluded that Mr. Miera failed to identify any contrary Supreme Court decision; failed to demonstrate that the state court's ruling was based on an unreasonable determination of the facts; or that the state court unreasonably applied *Strickland*, given that Mr. Miera's counsel reasoned that his "videotaped statements were the best evidence available to support the insanity defense." *Id.* at 336. Here, Mr. Miera once again fails to provide any response to the district court's

6

analysis. In his application for a COA, he cites—without any supporting argument—the test for ineffective assistance of counsel claims, as set forth in *Strickland*, *see* Aplt. Br. at 13, in addition to Colorado cases describing when a confession is involuntary, *see id.* at 14. He fails to argue, however, that the state court's resolution of this claim was contrary to, or an unreasonable application of, *Strickland* or that the state court's ruling was based on an unreasonable determination of the facts.

Finally, Mr. Miera contends that his counsel was ineffective by failing to object to admission of prior bad acts. In particular, he contends his counsel should have objected to testimony from his ex-wife that he threatened to burn their trailer while she and their children were inside. The district court held that Mr. Miera failed to cite any contrary Supreme Court decision and failed to show that the state court's ruling was based on an unreasonable determination of the facts. ROA, Vol. I at 338. The district court also reasoned that the state court did not unreasonably apply *Strickland* because Mr. Miera's prior threats of violence showed that he suffered from a mental illness and thus supported his insanity defense. *Id.* at 339. Mr. Miera provides no response to the district court's reasoning in his application for a COA. He cites several Colorado cases regarding the introduction of evidence of prior bad acts, generally, *see* Aplt. Br. at 16–17, but he provides no analysis of such cases. Nor does he cite to any Supreme Court case or argue that the state court decision was contrary to, or an unreasonable interpretation of, clearly established federal law. He also fails to argue that the state court's ruling was based on an unreasonable determination of the facts.

7

Because Mr. Miera fails to demonstrate that the federal district court's resolution of his claims was debatable, we have no basis for granting a COA. We also deny his motion to proceed without prepayment of costs and fees. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (concluding "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal" is a prerequisite for leave to proceed on appeal without prepayment of costs and fees).

## IV

For the foregoing reasons, we DENY Mr. Miera's request for a COA and DISMISS this matter. Mr. Miera's motion to proceed in forma pauperis is also DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge